JOHNSON, J.,
dissents and assigns reasons.
1¶1 dissent from the majority’s determination, and would affirm the court of appeal’s decision in its entirety. In my view the evidence is insufficient to convict the Defendant of armed robbery.
The court of appeal correctly affirmed Defendant’s conviction for possession of a firearm by a convicted felon reasoning that: “[Bjased upon the fact that the gun was found in the hotel room, which the Defendant occupied, buttressed with the testimony of officers Davis and Mouliere that the Defendant pointed out the location of the handgun and the handgun- was found in that location, we conclude sufficient evidence was presented by the State to convict the Defendant of possession of a firearm by a convicted felon.” State v. Jackson, 09-0045 at 6-7, 19 So.3d at 635.
With regard to the armed robbery conviction, I agree that the State failed to prove beyond a reasonable doubt there was a “taking” as contemplated by La. R.S. 14:64. To convict a Defendant of armed robbery, the State must prove: (1) a taking (2) of anything of value (3) from a person or in the immediate control of another (4) by the use of force or intimidation (5) while armed with a dangerous weapon. La. R.S. 14:64; State v. Jeselink, 35,189 (La.App.2d Cir.11/2/01), 799 So.2d 684. State v. McGinnis, 07-1419, p. 11 (La.App. 3 Cir. 4/30/08), 981 So.2d 881, 890 (quoting State v. Ellis, 42, 520, pp. 4-5 (LaApp. 2 Cir. 9/26/07), 966 So.2d 139, 144).
At the close of the testimony, the trial court expressed its concern that “... the victim in this case, his testimony, well, it leaves a lot to be desired.” In fact, the court frankly doubted “he’s had $300 in his life,” despite Kenneth Williams’ testimony that he was robbed of the $300.00 proceeds from a FEMA check, and found that much *774 of the victim’s testimony simply “was not credible.”
The court of appeal correctly concluded that the state had failed in its burden of proof that a taking, accomplished by the use of force or intimidation occurred. It is unclear from the record exactly what transpired. Both Defendant and the victim acknowledged that money (perhaps $8.00) was owed to Defendant for a haircut. Testimony diverges over whether Defendant sought out the victim to collect the debt, or whether the victim went to Defendant’s room to pay a portion of the debt owed. The evidence is not sufficient to prove an armed robbery.